R. K. RICHARDS, appellant, v. BOARD OF SUPERVISORS OF STORY COUNTY, appellee.

No. 51605.

(Reported in 131 N.W.2d 100)

OCTOBER 29, 1964.

R. K. Richards, of Ames, pro se.

George Larson, County Attorney, Story County, of Roland, for appellee.

THOMPSON, J.—This case involves an attempt by the plaintiff to secure a recount of the ballots cast at the primary election of June 1, 1964, for the office of state representative from Story County on the Republican ticket. Story County is entitled to two state representatives and there were three candidates—the plaintiff, Cunningham and McHose. Cunningham had a clear majority over the other two, and is not involved in this appeal. The defendant board of supervisors upon the official count found that the plaintiff and McHose had each received 1574 votes. Under the provisions of Code section 43.75 the state executive council proceeded to determine the matter by lot, and this method gave the nomination to McHose.

The plaintiff in writing requested the defendant-board to recount the ballots; his request was denied, and he brought certiorari to the Story District Court. The defendant-board moved to dismiss his petition, and the trial court granted the motion. From this judgment the plaintiff appeals.

I. While the request for recount, as amended, alleged failure to count several ballots, the plaintiff has now rested his case solely upon one. This is an absent voter's ballot cast by a member of the armed forces of the United States, which was not counted by the election board in a precinct of the City of Ames. So far as we are advised by the record, the reason for this was that the voter was not registered. Ames is a city in which permanent registration is required, and the voter's name did not appear on the list of registered voters. The plaintiff points to section 53.38 of the 1962 Code, which provides that "in the case of voters of the armed forces of the United States, the affidavit upon the ballot envelope of such voter, otherwise qualified, shall constitute a sufficient registration * * *." The ballot envelope bore such an affidavit. So far as we can determine from the record, the ballot should have been counted; but we can find no aid to the plaintiff from this conclusion.

II. It might be possible to decide this case on the authority of Jones v. Fisher, 156 Iowa 582, 137 N.W. 940, and

State ex rel. Hatfield v. Carrington, 194 Iowa 785, 190 N.W. 390. They hold that at primary elections the canvassing board has no jurisdiction to determine the right of a voter to cast a ballot, and that as to the legality of votes the decision of the election judges is final.

The plaintiff meets the rule of these cases by contending that the question before us is not the right of the voter to cast his ballot, but simply that a ballot legally cast was not counted. While we have some doubts of the validity of this distinction under the facts shown here, we find it unnecessary to decide the question. The statutes themselves point the way to a proper determination.

III. Section 43.56 gives the right to require the board of supervisors to recount the ballots cast in any precinct in the county as to the office for which the applicant was a candidate. But section 43.57 following says: "The showing for such recount must be specific, and from it there must appear reasonable ground to believe that a recount of the ballots would produce a result as to the applicant's candidacy different from the returns made by the judges."

Section 43.58 follows with this language: "If such showing is made to the satisfaction of the board, it shall thereupon recount the ballots cast in any such precinct for the office for which the contestant was a candidate * * *."

It is the refusal of the board to order a recount of which the plaintiff complains here.

It must be noted that section 43.57 demands a showing of reasonable ground to believe that a recount would produce a result different from that returned by the judges of election. Section 43.58 requires the board to recount the ballots only on a showing of reasonable ground to believe a different result would be reached as to the contestant; and this showing must be made to the satisfaction of the board. The record here is devoid of any evidence that a different result as to the plaintiff would be reached by a count of the only ballot in controversy. The plaintiff has lost, under the count of the election judges and the lots cast by the executive council. What is there to tell us that the result, as to him, would have been different if

the ballot had been counted? The board of supervisors, the trial court, and this court were not and are not advised for whom the elector who attempted to cast the ballot voted. We assume the framers of the statutes above cited meant that a showing must be made that a recount would be favorable to the contestant; winners do not ask recounts. But nothing tells us whether the voter cast his ballot for the plaintiff, or for McHose, or for Cunningham and McHose, or for Cunningham only, or in fact whether he voted at all for any candidate for the office of state representative. It was an essential part of plaintiff's request for a recount that he show there were reasonable grounds for thinking a different result would be reached. To this day, so far as the record shows, no one except the voter himself knows for whom he voted, if he voted on the candidates for this office at all. It is regrettable that he was denied the right to vote at the primary election; but that observation, under the circumstances here, affords no help to the plaintiff.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.